UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON

**KIMBERLY DAWN GRALEY,**

      **Plaintiff,**

v.                                                                                                  CIVIL ACTION 3:14-cv-25277

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

      **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Brief in Support of Motion for Judgment on the Pleadings (ECF NO. 10), Brief in Support of Defendant's Decision (ECF No. 11) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 12).

### Background

Kimberly Dawn Graley, Plaintiff (hereinafter Claimant), applied for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, and where applicable, for medical assistance under Title XIX of the Social Security Act on April 29, 2011, alleging disability beginning on January 1, 2004 (Tr. at 117-124). The claim was denied initially on August 23, 2011, (Tr. at 54-59) and upon reconsideration on October 24, 2011 (Tr. at 63-65). Claimant filed a request for hearing before an Administrative Law Judge (ALJ) on December 12, 2011 (Tr. at 69-71). In her request for a hearing before an ALJ, Claimant stated that she disagreed with the determination made on her claim for SSI benefits because the decision was contrary to the medical evidence and regulations (Tr. at 69). Claimant appeared in person and testified at a hearing held in Huntington, West Virginia on February 27, 2013 (Tr. at 28-51). In the Decision dated April 8,

2013, the ALJ determined that based on the application for SSI filed on April 27, 2011, the Claimant was not disabled under section 1614(a)(3)(A) of the Social Security Act (Tr. at 8-27). On June 3, 2013, Claimant filed a Request for Review of Hearing Decision of the ALJ because the ALJ's decision was contrary to the medical evidence and regulations (Tr. at 7). On July 9, 2014, the Appeals Council denied Claimant's request for review of the ALJ's decision. The Appeals Council stated "we found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review" (Tr. at 1-3). The Appeals Council considered Claimant's disagreement with the decision and the additional evidence listed on the Order of Appeals Council and found that this evidence did not provide a basis for changing the ALJ's decision (Tr. at 1-2).

On August 29, 2014, Claimant bought the present action requesting this Court to review the decision of the Defendant and that upon review, it reverse, remand or modify that decision.

<u>Standard of Review</u>

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2014). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.*

§ 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2014). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since April 27, 2011 (Tr. at 13). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of status-post amputation of middle fingertip and ring fingertip of right hand, borderline intellectual functioning, depression and panic disorder. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 14). The ALJ then found that Claimant has a residual functional capacity to perform light work[1] (Tr. at 15). As a result, the ALJ determined that

---

[1] The ALJ ordered that Claimant had the residual functional capacity to perform light work except she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She cannot climb ladders or scaffolds;

Claimant is not capable of performing her past relevant work (Tr. at 20). The ALJ concluded that Claimant could perform jobs such as laundry worker, product inspector and filling machine operator (Tr. at 21) On this basis, benefits were denied.

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

## Claimant's Background

On the date of the hearing, Claimant was 29 years old. She stood at 5'3" tall (Tr. at 34).

---

limited to only frequent fine manipulation with the right upper extremity. Claimant must avoid concentrated exposure to temperature extremes, fumes, odors, gases and pulmonary irritants. She must avoid all exposure to hazards. She is limited to simple and routine tasks with only occasional contact with coworkers and supervisors in a non-public task oriented setting (Tr. at 15).

She is married and lives with her stepson and daughter. Claimant graduated the 12th grade (Tr. at 36).

## The Medical Record

### William C. Steinhoff, M.A.

William C. Steinhoff, M.A., performed a Mental Status Examination (MSE) of Claimant on July 11, 2011 (Tr. at 367-371). A client interview and mental status examination were conducted but no cognitive testing was administered. (*Id.*) Claimant was reported at having "depressed mood with low energy level and appetite, as well as sleep disturbance with racing thoughts at night" (Tr. at 371). The diagnostic rational stated that Claimant's affect was restricted in range. Her thought process was slow, but speech was slightly pressured. It was reported that Claimant appeared anxious and restless and tapped her fingers on the desk. Claimant reported that she has a history of auditory hallucinations, but had not experience any in the previous 30 days. Claimant's prognosis was fair. The diagnosis stated that Claimant suffers from major depressive disorder, recurrent, moderate, chronic; panic disorder without agoraphobia; generalized anxiety disorder; and ovarian cyst disease (self-reported).

### Jeff Boggess, Ph.D.

In July 2011, Jeff Boggess, Ph.D., reviewed Claimant's file and completed a Psychiatric Review Technique form and Mental Residual Functional Capacity assessment (MRFC) (Tr. at 372-375, 376-389). Dr. Boggess evaluated Claimant's mental impairments of borderline intellectual functioning under Listing 12.02, Organic Mental Disorders, Listing 12.04, Affective Disorders, and Listing 12.06, Anxiety-Related Disorder (Tr. at 376, 377, 379, 381). According to Dr. Boggess, Claimant had mild restrictions of activities of daily living and moderate difficulties in social functioning and in maintaining concentration, persistence, and pace (Tr. at 386). He

concluded the evidence did not support a finding that Claimant met the requirements of paragraph "C" in the Listings (Tr. at 387).

In the MRFC, Dr. Boggess asserted that Claimant was moderately limited in her ability (1) to understand and remember detailed instructions, (2) to carry out detailed instructions, (3) to interact appropriately with the general public, and (4) to get along with coworkers or peers without distracting them or exhibiting behavioral extreme (Tr. at 372-373). Dr. Boggess commented that "The claimant alleges memory, understanding and social issues on AFR[2]. The current MSE notes moderate concentration issues with moderate social limitations. The claimant appears partially credible as per allegations" (Tr. at 388).

Debra Lilly, Ph.D., a State agency psychological consultant, reviewed and affirmed Dr. Boggess's assessments on October 22, 2011 (Tr. at 438).

### Rachel Arthur, M.A.

On June 29, 2012, Rachel Arthur, M.A., performed a Psychological Evaluation of Claimant at the State's request (Tr. at 468-472). A client interview and mental status examination were conducted and depression and anxiety inventory testing was administered. (*Id.*) No cognitive testing was administered; however, Ms. Arthur recommended future IQ testing to rule out intellectual deficits that may interfere with Claimant's functioning (Tr. 471). The Psychological Evaluation reflected that Claimant "lacks insight into her emotional problems and a social support system. Individual and group psychotherapy is recommended in order to improve overall functioning. Ms. Graley may also benefit from psychotropic interventions."

The significant findings on MSE were a somewhat restricted affect, anxious mood, normal thought processes and thought content, no hallucinations or illusions, limited insight, moderately

---

[2] AFR stands for Agency Financial Report.

deficient judgment, normal immediate memory and remote memory but moderately impaired recent memory, and markedly impaired concentration (Tr. at 470). Ms. Arthur noted Claimant to be poorly dressed with poor grooming and hygiene (*Id.*). Both the Beck Anxiety Inventory (BAI) and the Beck Depression Inventory – Second Edition (BDI-II) reflected severe symptomology (Tr. at 470). Ms. Arthur diagnosed Claimant with panic disorder with agoraphobia, social phobia, dysthymic disorder, and maladaptive health behaviors and assigned a Global Assessment of Functioning (GAF) score of 45.[3] (*Id.*) Ms. Arthur offered the following opinion: "Concentration is markedly deficient. Social phobia [and] panic [disorder] will likely interfere with her ability to interact with others in a work setting. [Claimant] will also likely have difficulty handling work stressors" (Tr. at 472).

Prestera Health Care Centers

An Initial Psychiatric Evaluation, containing a MSE, was conducted on January 5, 2012 (Tr. at 493-496). The significant findings on mental status examination were hyperactive and restless motor activity, normal but rapid speech, heightened affect, auditory hallucinations and a flight of ideas (Tr. at 494). The clinician noted that Claimant had dyed her hair orange, was "in constant motion, hyperverbal, shaking her left leg repeatedly and fastly while sitting on the edge

---

[3] Under Listing 12.05, an intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C or D are satisfied.
    A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded; or
    B. A valid verbal, performance or full scale IQ of 59 or less; or
    C. A valid verbal, performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation on function; or
    D. A valid verbal, performance or full scale IQ of 60 through 70, resulting in at least two of the following:
        1. Marked restriction in activities of daily living; or
        2. Marked difficulties in maintaining social functioning; or
        3. Marked difficulties in maintaining concentration, persistence or pace; or
        4. Repeated episodes of decompensation, each of extended duration.

of her seat." (*Id.*). Claimant reported feeling overwhelmed, occasionally hearing voices and experiencing chronic panic attacks (Tr. at 493). Claimant was diagnosed with bipolar depressive disorder NOS, panic disorder without agoraphobia, posttraumatic stress disorder and dependent personality disorder and was assigned a GAF score of 50 (Tr. at 495).

### Additional Evidence Submitted to the Appeals Council

### Prestera Health Care Centers: February 26, 2007 to September 15, 2009

Claimant was treated from February 2007, through September 2009, at Prestera Mental Health Center for mental impairments, including bipolar disorder; panic disorder without psychosis; and major depressive disorder, recurrent/moderate (Tr. at 497-637). During this time period, Graley was consistently observed to present with a sad, anxious, depressed, or frightened mood combined with a blunted, tearful, or restricted affect, hopelessness, and a fear for her safety (*Id.*). The clinicians noted on multiple occasions that Graley displayed cognitive deficits and dependent personality traits and was a victim of physical and mental abuse since childhood (*Id.*). During this time period, Graley's GAF scores ranged from 44 to 55, indicating serious impairment to social, occupational, or school functioning (Tr. 519, 520, 521, 522, 590, 597, 610, 624, 635).

### Claimant's Challenges to the Commissioner's Decision

Claimant asserts that new evidence submitted to the Appeals Council warrants changing the ALJ's decision. Additionally, Claimant asserts that the ALJ failed to properly evaluate Claimant's credibility (ECF No. 10). Defendant asserts that substantial evidence supports the ALJ's decision that Claimant could work and, thus, was not disabled (ECF No. 11). Defendant argues that substantial evidence supports the ALJ's credibility determination and that the medical records submitted to the Appeals Council are not material.

On April 8, 2013, the ALJ entered a decision finding that Claimant had not been under a disability at any time since April 27, 2011, her filing date (Tr. at 8-27). On June 3, 2013, Claimant sought review by the Appeals Council of the ALJ's unfavorable decision and submitted additional evidence in the form of approximately 140 pages of mental health treatment records (Tr. at 7, 497-637). In a Notice of Appeals Council Action dated July 9, 2014, the Appeals Council denied Claimant's Request for Review, making that decision the final decision of the Commissioner (Tr. at 1-6). The Notice of Appeals Council Action stated:

> We found no reason under our rules to review the Administrative Law Judge's decision.  Therefore, we have denied your request for review.
> …
> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals council.  We considered whether the Administrative Law Judge's action, findings or conclusion is contrary to the weight of the evidence of record.  We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

The Appeals Council (AC) admitted the additional evidence submitted by Claimant and marked them as Exhibit Nos. 29E, representative brief from Claimant's counsel, and 27F, treatment records from Prestera Center for Mental Health Services from February 26, 2007, through September 15, 2009 (Tr. at 4).  Following the Appeals Council's denial of review, Claimant timely filed the instant complaint with this Court objecting to the final decision of the Commissioner and seeking remand and reversal of the ALJ's adverse decision.

## Discussion

The ALJ gave Claimant one week after the hearing[4] to submit additional evidence (Tr. at 50).  Over two months later, on May 23, 2013, Claimant submitted a Brief and treatment records.

---

[4] The hearing was held on February 27, 2013.

On July 9, 2014, the AC made the additional evidence received part of the record (Tr. at 5).

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision. See 20 C.F.R. §§ 404.970(b) and 416.1470(b). SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material. According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review. This is true whether the Appeals Council reviews the case or not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

In the decision, the ALJ assigned "great weight" to the mental assessment of State agency psychological consultant Jeff Boggess, Ph.D., "because it is consistent with the overall evidence of record" (Tr. at 19). The ALJ did not weigh the opinion of the other consultative psychologist Mr. Steinhoff (Tr. at 18-19). The ALJ gave examining psychologist, Ms. Arthur's opinion little weight "because it is not supported longitudinally." (*Id.*)

Additionally, the ALJ found Claimant as not fully credible (Tr. at 18). The ALJ stated that Claimant "testified that she continues to suffer from pain and stiffness in her right dominant hand that affects her ability to grip. However, the claimant testified she attends to her own personal needs; sweeps the floors; does the laundry; cooks meals; and shops for groceries. The claimant testified that her depression and anxiety are disabling; however, she has not been compliant with

treatment." (*Id.*)

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate. *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL 4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits. 'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

New and Material Evidence

Claimant argues the following:

> While these treatment records are not within the time period considered by the ALJ, they establish a longitudinal history of Graley's mental impairments and support Graley's testimony regarding her current condition. This new evidence is in line with updated treatment records from Prestera, dated January 5, 2012, in which Graley was documented to have hyperactive and restless motor activity, a heightened affect, auditory hallucinations, and a flight of ideas (Tr. 493496). As of January 2012, Graley continued to carry the diagnoses of bipolar disorder NOS, panic disorder without agoraphobia, posttraumatic stress disorder, and dependent personality disorder, and was assigned a GAF score of 50 (Tr. 495). The new treatment records also are consistent with Dr. Steinhoff's psychological consultative report of June 18, 2011, which documented Graley to be anxious and restless throughout the examination and to present with a depressed mood, restricted affect, and limited judgment (Tr. 367-371) and with Ms. Arthur's psychological report of June 29, 2012, which documented Graley to be poorly dressed with poor hygiene and to exhibit an anxious mood, restricted affect, limited insight, moderately impaired judgment and recent memory, and markedly deficient concentration (Tr. 468-472). Notably, the majority of mental health treatment evidence was added to the file after the review of Dr. Boggess and subsequent affirmation of Dr. Lilly. Therefore, based on the additional evidence now available, Graley's chronic mental impairments are likely to have a greater effect on her ability to perform work-related activities than Dr. Boggess could have realized at the time he reviewed the file.
>
> The mental health treatment records from Prestera not only paint a clearer picture of the severity Graley's mental conditions but also renders the findings of the ALJ unsubstantiated by the evidence of record. Therefore, insomuch that this evidence has not been considered.  (ECF No. 10).

In response Defendant asserts:

> Plaintiff did not produce the records at issue prior to the ALJ hearing and there is no evidence in the record to indicate that these records were unavailable to her at the time of the hearing.  Indeed, all of the records at issue predate Plaintiff's application date by several years.

>Accordingly, the records are not "new" and remand is not warranted.
>
>…
>
>Regardless, even if the records were "new" (and they are not), they are not "material" because they predate the filing date; which initiates the relevant time period. *See Gullace v. Astrue*, 1:11CV0755 TSE/JFA, 2012 WL 691554, at *15, n. 18 (E.D.Va. Feb. 13, 2012) (citing *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir.2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance"); *McCormick v. Astrue*, No. 08-450–JJF, 2010 WL 1740712, at *6 (D.Del. April 30, 2010) (holding that the ALJ had not erred in failing to consider a GAF score of 42 because that score had been assessed eleven months prior to the alleged date of onset); *Ingham v. Astrue*, No. SA CV 09-931-SH, 2010 WL 1875651, at *3 (C.D.Cal. May 10, 2010) ("[M]edical opinions of any physician, treating or examining, which predate the alleged onset of disability are not considered substantial evidence."). In fact, the majority of the records at issue (113 pages) predate the denial of Plaintiff's previous SSI application determination in December 2008, which she did not appeal (Tr. 498-501, 503-516, 519-525, 538-539, 545-627). The remainder of the records (27 pages) – which are authored by a nurse and a therapist[5] – postdate the previous application determination but still predate Plaintiff's amended alleged onset date; April 29, 2011, which is the controlling date in this case (Tr. 502, 517-518, 519, 526-537, 540-41, 628-637).
>
>Moreover, even if the records were related to the relevant time period, they would not change the outcome of the ALJ's decision. A review of the records that post-date Plaintiff's December 2008 SSI denial indicate that Plaintiff was non-compliant with treatment as she missed appointments for therapy on January 19, 2009, February 13, 2009, July 2, 2009, and September 15, 2009 (Tr. 502, 526, 533, 537). In addition, there are no assessments from "acceptable" medical sources in the records that indicate that Plaintiff had marked functional limitations. (ECF No. 11).

*Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991),* when read in combination with the applicable regulation, reveals that a claimant need not show good cause when submitting new

---

[5] Nurses and therapists are not "acceptable" medical sources under the controlling regulations. See 20 C.F.R. § 416.913 (e).

evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

As to whether the additional evidence is new, Claimant asserts the following:

> In *Snider v. Colvin*, 2013 U.S. LEXIS 130456 (S.D.W.V. Sept.12, 2013), the court discussed the process to be followed when a claimant presents new evidence to the Appeals, quoting 20 C.F.R. § 404.970(b):
>> [i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight **of** the evidence currently of record. *Id.,* at 12-13
>
> As noted in the *Snider* decision, "[e]vidence is new 'if it is not duplicative or cumulative' and is material if there is 'a reasonable possibility that the new evidence would have changed the outcome. *Id.* at 13, citing *Wilkins v. Secretary, Dep't of Health and Human*

14

> *Servs.,* 953 F.2d 93, 96 (4th Cir. 1991) (en banc), *superseded by statute on other grounds,* 20 C.F.R. § 404.1527. The *Snider* court outlined the Appeals Council's obligations this way:
>
>> When confronted with new and material evidence, the Appeals Council must then evaluate the entire record including the new and material evidence. *Meyer v. Astrue,* 662 F.3d 700, 704-05 (4th Cir. 2011). After this evaluation, if the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence currently of record, it must grant the request for review and either remand the case to the ALJ or issue its own decision on the merits. *Id* "[I]f upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review." *Id.*
>
> Thus, in cases such as this, where a claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence and made it part of the record, this Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. *Id.; see Wilkins v. Secretary, Dep't of Health and Human Servs.,* 953 F.2d at 95-96. *Snider, id., at 13-15.* In the *Snider* case, the claimant had submitted evidence to the Appeals Council and in denying review the Appeals Council stated that it had considered the newly-submitted medical evidence. *Snider, id.*, at 15. The *Snider* court went on to state that:
>
>> [a]s such, the Appeals Council necessarily considered this evidence new and material, and that it related the period on or before the date of the ALJ's decision. Notwithstanding the new evidence, however, the Appeals Council advised Plaintiff that his newly-submitted medical evidence "does not provide a basis for changing the [ALJ's] decision." *Snider, id.*, at 15-16.
>
> The *Snider* court cited the holding of *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011) that "the Appeals Council's failure to state its rationale for its decision to deny review is not error as long as the record provides an 'adequate explanation of [the Commissioner's] decision'" *Snider, id.*, at 16, citing *Meyer, id.*, at 707. As noted by

15

> the *Snider* court, however, the *Meyer* court did remand that case to the Commissioner "because the new evidence was evidence from Meyer's treating physician, evidence afforded special weight under [the regulations]" *Snider, id.* (ECF No. 12).

<u>Reasonable Possibility the New Evidence Would Have Changed the Outcome</u>

Claimant asserts that because the ALJ assigned "great weight" to the opinion of Dr. Boggess, reasoning that his opinion is consistent with the overall evidence of record, the new mental health treatment records admitted by the AC infers that his opinion is actually not based on the overall evidence of record. Claimant argues that considering the additional evidence, it is probable that Dr. Boggess' opinion would be different, thus leading to a different decision (ECF No. 11).

The additional records were admitted into evidence by the Appeals Council. This Court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the ALJ's findings. Therefore, the ALJ's decision is not supported by substantial evidence as he has not reviewed the record as a whole.

The Court recommends that the presiding District Judge remand this matter for further consideration.

<u>Conclusion</u>

The undersigned proposes that the United States District Court remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to weigh the disability rating decision of the VA pursuant *to Bird*. If the ALJ still concludes that the VA's disability rating decision should not be given "significant weight" he/she shall provide a specific and detailed rationale so that Claimant may understand the basis for the adverse decision.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Plaintiff's Brief in Support of Judgment on the Pleadings (ECF

No. 10), **DENY** the Commissioner's Brief in Support of the Defendant's Decision (ECF No. 11), **REVERSE** the final decision of the Commissioner and **REMAND** this case for further proceedings pursuant to sentence four of 42 § U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge Robert C. Chambers.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  September 8, 2015

Dwane L. Tinsley
United States Magistrate Judge